UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHOWKAT KHAN, *et al.*, | **MEMORANDUM, ORDER AND JUDGMENT** |
| Plaintiffs, | |
| – against – | 12-CV-6010 |
| ROBERT CASSAR, *et al.*, | |
| Defendants. | |

**Appearances:**

For the Plaintiff:

    Arthur Z. Schwartz
    Advocates for Justice
    New York, New York

For the Defendants:

    William J. Sipser
    Tuckner, Sipser, Weinstock & Sipser, LLP
    New York, New York

**JACK B. WEINSTEIN, Senior United States District Judge:**

## I. Introduction

Showkat Khan and Shahjahan Mohammad are members of Local 1182 of the Communications Workers of America ("CWA"). The Local represents only New York City ("City") employees. Plaintiffs allege breach of the constitutions of the CWA and Local 1182 by the Local's officers. Sought is an injunction requiring the Local to comply with the constitutions. Mem. Supp. Mot. Prelim. J., Dec. 3, 2012, CM/ECF No. 3.

The Labor Management Relations Act of 1947, codified as amended at 29 U.S.C. §§ 185 *et seq* ("LMRA"), excludes from federal jurisdiction such claims. The case is dismissed for lack of federal jurisdiction.

## II. Facts

Local 1182 only represents enforcement agents employed by the City's police and sanitation departments. Compl., Dec. 5, 2012, CM/ECF No. 1, at ¶ 4. Kahn and Mohammad were elected as officers of Local 1182 in 2011 and assumed their positions in April 2012. *Id*. ¶ 3. Following the election, Khan was on leave from his job as a traffic enforcement agent with the City. *Id*. at ¶ 12. He worked on a full-time basis for the union but sixty-percent of his salary was paid by the City. *Id*. Mohammad was also granted leave from his job with the City, which continued to pay eighty-percent of his salary. *Id*. Both continued to receive benefits, including health insurance, through the City. *See* Order to Show Cause Hr'g Tr. 3, Dec. 14, 2012.

Pursuant to the CWA Constitution, Local 1182 is required to maintain adequate files and records and to provide an annual audit of its financial records. Compl. ¶ 7 (citing CWA Constitution Art. XIII, Sec. 9(i)). Local 1182's Constitution requires the union to hold "Regular Meetings" four times per year. *Id*. at ¶ 8 (citing Local 1182 Constitution Art. VIII, Sec. 1).

"Special" meetings may be called upon by a petition signed by one-fifth of the members in good standing of Local 1182. *Id*. (citing Local 1182 Constitution Art. VIII, Sec. 2).

Shortly after taking office, plaintiffs allege that they discovered defendants Robert Cassar, the president of Local 1182, and Patrick Plummer, the secretary-treasurer of Local 1182, had inappropriately borrowed union funds. *Id*. at ¶ 11. On May 30, 2012, at a union Executive Board meeting, plaintiffs confronted Cassar and Plummer with a written request for an audit of the union's loans to officers. *Id*. at ¶ 13. The request was denied.

Local 1182 held no Regular Meetings or Special Meetings in 2012. *Id*. at ¶ 28. In August 2012, a petition, signed by more than one-fifth of the Local's members, demanded a Special Meeting to vote on matters related to the audit request. *Id*. at 17. In a letter dated October 5, 2012, defendant Plummer rejected the petition. *Id*. at 23.

A membership meeting was subsequently scheduled for November 2, 2012 but, in light of Hurricane Sandy, it was canceled. Hr'g Tr. 23. A meeting is now scheduled for January 19, 2013. *Id*.

Plaintiffs contend that Local 1182's failure to hold a special meeting violates the CWA and Local 1182 Constitutions. *See* Mem. Supp. Mot. Prelim. J., Dec. 10, 2012, CM/ECF No. 5, at 13-14. They sue as members of the CWA to enforce the constitutions.

## III. Law and Application to Facts

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir.2009) (per curiam) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

Plaintiffs' complaint relies upon section 301(a) of the LMRA as the basis for federal jurisdiction. *See* Compl. ¶ 2; *see also* Mem. Supp. Mot. Prelim. J. 11. Section 301(a) states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce *as defined in this chapter*, or between any such labor organizations may be brought in any district court of the United States having jurisdiction of the parties. . . .

29 U.S.C. § 185(a) (emphasis added).

A section 301(a) suit may be heard in federal court when it seeks redress "for violation of a contract . . . labor organizations." *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 98 (1991) (emphasis added). Section 301(a)'s jurisdictional grant is properly exercised over a dispute involving a union constitution. *Id*. at 98-100. Plaintiffs contend that jurisdiction is proper because this is a suit for violation of a contract——the CWA Constitution—between labor organizations.

Section 301(a) limits its application to "labor organization[s] representing *employees* in an industry affecting commerce." 29 U.S.C. § 185(a) (emphasis added). The term "employees" is tied to the statutory definition of "employer." The LMRA defines "employer" as not including "any State or political subdivision." 29 U.S.C. § 152(2), (3) (emphasis added). "*As the language of the LMRA makes plain, public employees are not covered by the statute*." *Ford*, 579 F.3d at 188 (emphasis added); *see also Police Dep't of the City of Chicago v. Mosley*, 408 U.S. 92, 102 n.9 (1972). The term "labor organization" is an "organization of any kind . . . in which [individuals not employed by any State or political subdivision] participate and which exists for the purpose, in whole or in part, of dealing with employers . . . ." 29 U.S.C. § 152(5).

Exempted from the LMRA are disagreements between union members and their public-sector locals. *See Davenport v. Washington Educ. Ass'n*, 551 U.S. 177, 180 (2007) (interpreting definitional section of LMRA, which applies equally to the National Labor Relations Act:

"States [are] free to regulate their labor relationships with their public employees" without interference from federal law).

Khan and Mohammad may not avail themselves of federal jurisdiction because they do not qualify as "employees" under the LMRA. *See, e.g.*, *Malast v. City Serv. Employees Assoc., Inc.*, 474 Fed. App'x 829, 830 (2d Cir. 2012) ("[P]ublic employees may not bring . . . claims under Section 301 of the LMRA."); *Rosenthal v. Roberts*, No. 04-Civ-5205, 2005 WL 221441, *6 (S.D.N.Y. Jan. 28, 2005) ("[C]ourts have repeatedly held that federal district courts do not have subject matter jurisdiction over claims brought by public employees under Section 301 of the LMRA."). "New York City and its various agencies and corporations constitute public subdivisions and are not employers under the LMRA." *Rosenthal*, 2005 WL 221441, *5.

The fact that plaintiffs' City salaries are supplemented in part by the Local does not create a dispute cognizable in federal court. Plaintiffs' compensation was primarily assumed by the City. It carried plaintiffs on its rolls as City employees. They are, for the purposes of this motion, City employees.

A public-sector union employee may be considered a "private" employee under the LMRA based on his employment by the union. *See Commer v. McEntee*, No. 00-CV-7913, 2006 WL 3262494, at *17 (S.D.N.Y. Nov. 9, 2006) (union president suing international for improper dismissal classified as "private employee" under LMRA by virtue of his employment with local union).

But here the dispute is over the Local's mode of representation of its members with the City—not over conditions of their employment by the union.

The claims brought by plaintiffs do not arise under section 301(a). Federal jurisdiction does not exist.

5

## IV. Conclusion

The case is dismissed for lack of jurisdiction.

No costs or disbursements are ordered.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: December 21, 2012
Brooklyn, New York